UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Horizon Roofing, Inc., | No. 22-cv-46 (KMM/LIB) |
| Plaintiff, | |
| v. | **ORDER** |
| Best and Fast Inc., et al., | |
| Defendants. | |

On April 11, 2022, the Court issued an Order requiring the Defendants Best and Fast Inc. and B.E.S.T. GDR, LLC (collectively "Defendants"), to file a memorandum supporting their position that there is federal subject matter jurisdiction over this action. [ECF No. 23]. As the Court observed, the Plaintiff Horizon Roofing, Inc. ("Horizon"), commenced this suit in Ramsey County District Court, claiming that the Defendants unlawfully used Horizon's trade name in the State of Minnesota in connection with roofing-contractor services. The Defendants then jointly removed the case to the District of Minnesota pursuant to 28 U.S.C. § 1441.

In their Notice of Removal, the Defendants asserted that Horizon's claims depend upon its ownership of a trademark and the alleged infringement of that mark. [ECF No. 1 ¶ 5]. Defendants further claimed that the Court has jurisdiction over Horizon's "trademark claim pursuant to the plain meaning of 28 U.S.C. § 1338(b)." [*Id.* ¶ 7]. Essentially, the Defendants alleged that there was federal-question jurisdiction

1

because Horizon's Complaint asserted a claim arising under the federal trademark laws. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

However, in the April 11th Order, the Court explained that Horizon's Complaint did not reference any federal cause of action, and under the well-pleaded complaint rule, it appeared that Horizon asserted only state law claims. [ECF No. 23 at 4–5 (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987), and *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017))]. The Court noted that its preliminary research indicated that the Eighth Circuit had not decided whether a case may be removed based on federal-question jurisdiction where the face of the complaint alleges only a claim of trademark or trade name infringement arising under state law. The Court pointed to cases from other jurisdictions that have found removal improper under similar circumstances. [*Id.* at 6–7 (citing cases)]. Therefore, the Court required the Defendants to file a memorandum of law including appropriate citations to legal authority supporting the basis for the Court's exercise of subject matter jurisdiction. [*Id.* at 7–8].

On May 2, 2022, the Defendants filed a memorandum asserting that there is subject matter jurisdiction in this Court because Horizon's claims arise under federal law. [ECF No. 25]. Horizon responded, arguing that there is no federal-question jurisdiction in this case, and requested that the action be remanded to Ramsey County District Court. [ECF No. 26]. For the reasons stated below and in the Court's April 11th

Order, the Court concludes that subject matter jurisdiction is lacking, and this action must be remanded to Ramsey County District Court.

*Legal Standards*

Federal courts are required to resolve questions of jurisdiction before considering the merits of a civil action. *See Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017) ("'It is axiomatic that a court may not proceed at all in a case unless it has jurisdiction.'" (quoting *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001))). As the removing parties, the Defendants have the burden of establishing that this Court has subject matter jurisdiction. *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005). The Court must resolve any doubts about the existence of federal jurisdiction in favor of remand. *See Wilkinson v. Shackleford*, 478 F.3d 957, 963 (8th Cir. 2007).

Removal of an action from state court to a federal court is appropriate if the case could have originally been brought in federal court.[1] 28 U.S.C. § 1441(a). The court has federal question jurisdiction when the "action arise[s] under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. To determine whether there is federal-question jurisdiction, courts follow the "well-pleaded complaint rule," and examine the face of the complaint for any claims arising under federal law. *Caterpillar*, 482 U.S. at

---

[1] There is no allegation that the action could have originally been brought in this Court based on diversity jurisdiction.

3

392. Under this rule, plaintiffs may avoid federal jurisdiction when they rely exclusively on state law. *Id.* ("The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.").

However, the well-pleaded complaint rule is not without limits. Under the artful-pleading doctrine, a court may exercise removal jurisdiction "when the plaintiff has attempted to defeat removal by failing to plead a necessary federal question." *Chaganti & Assoc., P.C. v. Nowotny*, 470 F.3d 1215, 1220-21 (8th Cir. 2006). "The quintessential artful pleading case involves a plaintiff that pleads a state-law claim that is completely and obviously preempted by federal law." *Mitchell v. Reliance Health Care Inc.*, No. 3:19-CV-00370-LPR, 2020 WL 5089585, at *5 & n.49 (E.D. Ark. Aug. 28, 2020) (citing cases where removal of preempted ERISA and LMRA claims was upheld).

*Discussion*

The Defendants have not met their burden to demonstrate that there is subject matter jurisdiction over this action. The Defendants assert that the Court has jurisdiction under 28 U.S.C. § 1338(b), which provides that the "district court shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the . . . trademark laws." Another statute, the Lanham Act, provides a cause of action under the federal trademark laws. Federal courts have "original jurisdiction . . . of all actions arising under [the Lanham Act], without regard to the amount in controversy or to diversity or lack of diversity of

4

the citizenship of the parties." 15 U.S.C. § 1121(a). The Court finds that Horizon's Complaint does not assert any claim under the Lanham Act,[2] and under the well-pleaded complaint rule, there is no claim in this action arising under the Constitution or laws of the United States. 28 U.S.C. § 1331.

As was true when the Court issued its April 11th Order, in conducting its own research, the Court located no Supreme Court or Eighth Circuit case that stands for the proposition that any claim asserting infringement of a trade name necessarily raises a federal question. Indeed, the Court has found no court of appeals decisions that support such a rule. And the Defendants did not point to such a case in their response. Nor have the Defendants called into question the jurisprudence from other jurisdictions cited in the Court's April 11th Order that suggests a trade-name-infringement case can be brought solely under state law without automatically implicating the Lanham Act and triggering federal jurisdiction. Those cases support the conclusion that Horizon's trade name infringement claim in this case does not necessarily raise a federal question.[3]

---

[2] The Defendants have not pointed to anything in the pleadings or elsewhere in the record to change the Court's prior observations about the substance of Horizon's claims. [ECF No. 23 at 4–5].

[3] *Flying Pigs, LLC v. RRAJ Franchising LLC*, 757 F.3d 177 (4th Cir. 2014); *In re Hot-Hed Inc.*, 477 F.3d 320 (5th Cir. 2007); *Dunlap v. G&L Holding Gr., Inc.*, 381 F.3d 1285 (11th Cir. 2004); *Duncan v. Stuetzle*, 76 F.3d 1480 (9th Cir. 1996); *N. Ariz. Healthcare Corp. v. N. Ariz. Healthcare Found.*, No. 21-cv-8069 (PCT/SPL), 2021 WL 2634528 (D. Ariz. Apr. 15, 2021); *Commercial Sav. Bank v. Commerical Fed. Bank*, 939 F. Supp. 674 (N.D. Iowa 1996); *Wortham v. K. Khan, Inc.*, 932 F. Supp. 1176 (E.D. Mo. 1996)).

In their response to the April 11th Order, the Defendants suggest that under the artful-pleading doctrine, the Court should find that Horizon's Complaint asserts a Lanham Act claim. [ECF No. 25]. First, they note that the doctrine prevents a plaintiff from avoiding federal jurisdiction by failing to plead a federal question necessary to the plaintiff's claim. [*Id.* ¶ 3]. Next, they observe that they removed this action after Horizon filed a Motion for Temporary Restraining Order ("TRO"), which was granted by the State Court. [*Id.* ¶ 4]. Because the State Court's Order granting the TRO motion "enjoined [the Defendants] from using the names 'Horizon Roofing Repairs' and 'Horizon Roofing,'" and instructed them to erase their use of those names from the internet, the Defendants assert that the State Court issued a "nation-wide injunction." [*Id.* ¶¶ 5–6]. Next, the Defendants state that the Supreme Court's "Commerce Clause jurisprudence has 'eschewed formalism for a sensitive, case-by-case analysis of purposes and effects.'" [*Id.* ¶ 7 (quoting *S. Dakota v. Wayfair, Inc.*, 138 S. Ct. 2080, 2094 (2018))]. Finally, they contend that "a closer look at the purposes and effects of the instant lawsuit warrants federal subject matter jurisdiction" because Horizon requested, and the State Court granted, a TRO that provided relief beyond the borders of the State of Minnesota, which could only have been based on a Lanham Act claim. [*Id.* ¶¶ 8–9].

For several reasons, the Defendants' arguments are unavailing. First, as discussed above, the Defendants have not pointed to a case suggesting that Horizon's trade-name infringement claim necessarily raises a federal question, which would

potentially trigger the artful-pleading rule. The Defendants cited *Gully v. First National Bank in Meridian*, 299 U.S. 109 (1936), but it does not support a finding here that a federal question is necessarily presented by Horizon's Complaint. The *Gully* Court held that a state tax collector's complaint did not present a federal question simply because a federal statute authorized state taxation of national banks. *Id.* at 115 ("That there is a federal law permitting such taxation does not change the basis of the suit, which is still the statute of the state, though the federal law is evidence to prove the statute valid.").

Second, the Commerce Clause precedent cited by the Defendants is entirely inapposite to the question of whether Horizon's Complaint necessarily presents a federal question. In *South Dakota v. Wayfair, Incorporated*, the Supreme Court reconsidered its earlier Commerce Clause precedent which held that an out-of-state seller is only required to collect and remit state sales taxes for consumers' purchases when they have a physical presence in that state. 138 S. Ct. at 2087–88. In *Wayfair*, the Court abandoned the physical-presence rule in favor of a test that considers whether a tax "applies to an activity with a substantial nexus with the taxing State." *Id.* at 2099. One finds no mention of the removal statute, the well-pleaded complaint rule, nor the artful-pleading doctrine in the *Wayfair* decision and any link between its holding or reasoning to the issues presented in this case is not apparent to the Court. The Defendants' memorandum does not connect the dots.

Third, although the Defendants suggest that Horizon invoked the Lanham Act when it asked the State Court to issue an injunction that was applicable beyond the borders of Minnesota, they do not provide support for this assertion. In fact, Horizon's pre-removal motion for injunctive relief in the State Court does not specifically request an injunction of such scope. Moreover, it is worth noting that Horizon's claims for injunctive relief (Count I) and infringement of trade name (Count VI) seek to prohibit Defendants from using the Horizon name "in the State of Minnesota." [ECF No. 1-1 ¶¶ 70, 105]. Horizon simply has not invoked a federal cause of action.

In their memorandum, the Defendants cite *Chaganti & Associates, P.C. v. Nowotny*, where the Eighth Circuit found that removal of the case was proper. 470 F.3d 1215, 1220–21 (8th Cir. 2006). In the state court, after filing a complaint that raised only state claims, the *Chaganti* plaintiff clarified that it was, in fact, bringing a federal claim, thereby putting the defendants on notice that they had the option to remove the case. *Id.* at 1220. But *Chaganti* is readily distinguishable. While Horizon's Complaint and the complaint filed by the *Chaganti* plaintiff both made no reference to a federal cause of action, in *Chaganti*, the plaintiff later made its pursuit of a federal claim clear through an "explicit reference to the 'antitrust laws of the United States.'" *Id.* Here, Horizon has made no such invocation of federal law at any stage. The Defendants do not argue or cite authority for the proposition that the Minnesota trade-name infringement claim contemplated by Horizon's Complaint is preempted such that the artful-pleading

doctrine might apply to it.[4] *See id.* at 1220–21 (explaining that the artful-pleading doctrine had no application in *Chaganti* because the plaintiff's original unfair-competition claims were not necessarily preempted by federal law and could have been brought wholly under state law); *Mitchell*, 2020 WL 5089585, at *5 & n.49 ("The quintessential artful pleading case involves a plaintiff that pleads a state-law claim that is completely and obviously preempted by federal law.").

Finally, Defendants' argument that the scope of the Ramsey County District Court TRO made this case removable is not persuasive. They have not cited authority for the proposition that a defendant's option to remove a complaint depends upon the scope of pre-removal injunctive relief granted by a state court. Because the well-pleaded complaint rule focuses on a review of the pleadings to determine whether a federal

---

[4] Courts have generally found that state claims of trademark infringement and unfair competition that do not conflict with the Lanham Act are not preempted. *E.g., Attrezzi, LLC v. Maytag Corp.*, 436 F.3d 32, 42 (1st Cir. 2006) ("[T]he Lanham Act primarily provides a federal forum for what is in substance a traditional common-law claim. If state substantive regimes are (ordinarily) not preempted by the Lanham Act, neither is New Hampshire's tinkering with the remedial components."); *Tonka Corp. v. Tonk-A-Phone, Inc.*, 805 F.2d 793, 794–95 (8th Cir. 1986) (finding that the availability of attorney's fees under the MDTPA for trademark infringement did not conflict with the provision in the Lanham Act that limited the recovery of fees to "exceptional" cases); *Meer Enterprises, LLC v. Kocak*, No. 18 CIV. 00006 (JFK), 2018 WL 1901478, at *3 (S.D.N.Y. Apr. 20, 2018) ("[C]ourts in this district have held that the Lanham Act does not preempt state law." (citing cases)). Defendants offer no reason to reach a different conclusion here.

claim is presented and allows a plaintiff to avoid federal jurisdiction by pleading only state claims, the scope of the pre-removal TRO does not affect the analysis.

For all these reasons, the Court concludes that it lacks subject matter jurisdiction over this action and the case must be remanded. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## ORDER

Accordingly, **IT IS HEREBY ORDERED that**

1. This matter is **REMANDED** to Ramsey County District Court, pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction; and

2. Defendants' Motion to Dismiss [ECF No. 14] is **DENIED AS MOOT**.

Date: June 7, 2022

                                                *s/Katherine Menendez*
                                                Katherine Menendez
                                                United States District Judge